# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| In re: <br><br> RAPID METALS, LLC, <br><br> Debtor. | Case No. 23-46098 <br><br> Hon. Maria L. Oxholm <br><br> Chapter 11 |
| NEWPOINT ADVISORS CORPORATION, Plan Administrator of the Estate of RAPID METALS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> PGT TRUCKING, INC., <br><br> Defendant. | Adversary Pro. No. 24-_____ <br><br> Hon. Maria L. Oxholm |

**COMPLAINT TO AVOID AND RECOVER TRANSFERS**
**PURSUANT TO 11 U.S.C. §§ 544, 547, 548, AND 550**

Newpoint Advisors Corporation (the "Plaintiff"), in its capacity as the Plan Administrator of the Estate of Rapid Metals, LLC (the "Debtor"), by and through the undersigned counsel, files this complaint (the "Complaint") to avoid and recover certain transfers against PGT Trucking, Inc. (the "Defendant"). In support of this Complaint, the Plaintiff hereby alleges, upon information and belief, that:

**NATURE OF THE CASE**

1. This adversary proceeding is commenced pursuant to sections 544, 547, 548, and 550 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (as amended, the "Bankruptcy Code"), (1) to avoid and recover certain preferential transfers of property made by the Debtor to

Defendant within ninety (90) days prior to the commencement of the Debtor's bankruptcy case, and, (2) in the alternative and subject to proof, to avoid and recover certain fraudulent transfers made to Defendant or any other person or entity for whose benefit transfers were made within two (2) years (in respect of avoidance under the Bankruptcy Code) or six (6) years (in respect of avoidance under applicable state law) prior to the commencement of the Debtor's bankruptcy case.

## JURISDICTION AND VENUE

2. The United States Bankruptcy Court for the Eastern District of Michigan (the "Court") has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334(b). Venue is proper pursuant to 28 U.S.C. § 1409. This adversary proceeding is a "core" proceeding that this Court has the statutory and constitutional power to hear and determine pursuant to, *e.g.*. 11 U.S.C. § 157(b)(2).

3. The statutory and legal predicates for the relief sought herein are sections 544, 547, 548, and 550 of the Bankruptcy Code, applicable provisions of state law, and Rules 3007 and 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

4. The Plaintiff consents to the jurisdiction of this Court and to the entry of final orders or judgment by this Court.

## PROCEDURAL BACKGROUND

5. On July 12, 2023 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

6. On November 9, 2023, the Debtor filed its *Combined Plan of Liquidation and Disclosure Statement* . . . [Doc. No. 278] (the "Plan").

7. On December 21, 2023, the Court entered its *Order Confirming the Combined Plan of Liquidation and Disclosure Statement of Rapid Metals, LLC* [Doc. No. 369] (the "Confirmation Order") confirming the Plan.

8. The Plan provides for liquidation of the Debtor.

9. Section 3.3 of the Plan provides that holders of allowed general unsecured claims against the Debtor shall receive pro rata shares of net proceeds of the Assets (as defined in the Plan), if any, that remain after classes having a higher priority are paid in full. Accordingly, holders of allowed general unsecured claims will not be paid in full.

10. Pursuant to Section 4.4 of the Plan, the Plaintiff was appointed, and presently is serving, as the "Plan Administrator." *See Notice of Selection of Plan Administrator* [Doc. No. 357].

11. Pursuant to Sections 4.4 and 4.5 of the Plan, all of the Assets (as defined in the Plan, and including Causes of Action) are vested in the Plan Administrator.

12. Section 1.2.18 of the Plan defines "Causes of Action" to include, among other things. any cause of action, further including all Avoidance Actions.

13. Section 1.2.7 of the Plan defines "Avoidance Actions" to include, among other things, "preference actions, fraudulent conveyance actions and any other claims or causes of action of any kind or description under Chapter 5 and any related sections of the Bankruptcy Code, including without limitation, [sections] 502, 510, 541, 544, 545, 547, 548, 549, 550 and 553 of the Bankruptcy Code, or under related state or federal statutes and common law, . . ., and including all recoveries and proceeds thereof."

14. Section 4.4.1 of the Plan provides that the Plan Administrator "shall be deemed the representative of the Estate in accordance with section 1123 of the Bankruptcy Code" and, among

other things, "shall be designated and empowered to initiate, prosecute, settle, and enforce collection of any judgments or awards with respect to all Causes of Action (including, without limitation, all Avoidance Actions)."

15. Pursuant to the Plan, the Plaintiff's duties include bringing causes of action to avoid and recover transfers pursuant to sections 544, 547, 548, and 550 of the Bankruptcy Code.

## FACTUAL BACKGROUND

16. In the ordinary course of business, the Debtor maintained business relationships with vendors, suppliers, distributors, and creditors.

17. Defendant is a corporation with, on information and belief, offices located at one or more of the following addresses: 131 Centerbrook Road, Hamden, CT 06518; 4200 Industrial Boulevard, Aliquippa, PA 15001; Department 5060, P.O. Box 30000, Hartford, CT 06150-5060; One PGT Way, Monaca, PA 15061; and (for service of process) c/o Registered Agent Solutions Inc., 8164 Executive Court, Suite C, Lansing, MI 48917.

18. Prior to the Petition Date, the Debtor engaged in business with the Defendant.

19. The Plaintiff has completed an analysis of readily available information of the Debtor with respect to transfers made by the Debtor to Defendant from April 13, 2023, through and including July 12, 2023 (the "Preference Period").

20. During the Preference Period, the Debtor continued to operate its business, including making transfers of property to various entities, in the form of checks, cashier's checks, wire transfers, ACH transfers, and the like.

21. The Debtor made one or more transfers of an interest in its property to or for the benefit of Defendant during the Preference Period in the total amount of not less than $14,870.00

(collectively, the "Transfers"). Pertinent details of those Transfers are set forth in the document attached hereto and incorporated herein as **Exhibit A**.

22. During the course of this adversary proceeding, the Plaintiff may learn of additional Transfers made by the Debtor to Defendant. It is the Plaintiff's intention to avoid and recover any and all Transfers made, subject to any meritorious affirmative defenses. The Plaintiff reserves its right to amend this Complaint to include: (i) further information regarding the Transfer(s), (ii) additional transfers, (iii) modifications of and/or revision to Defendant's name, (iv) additional defendants, (v) additional causes of action authorized, and/or (vi) all other or further matters as are appropriate or as justice otherwise may require (collectively, the "Amendments"), that may become known to the Plaintiff at any time during this adversary proceeding, through formal discovery or otherwise, and for the Amendments to relate back to the date of filing of this Complaint.

## COUNT I
## AVOIDANCE OF PREFERENTIAL TRANSFERS
## PURSUANT TO 11 U.S.C. § 547

23. The Plaintiff hereby incorporates all preceding paragraphs by reference as if fully set forth herein.

24. Pursuant to section 547 of the Bankruptcy Code, the Plaintiff may:

Based on reasonable due diligence in the circumstances of the case and taking into account a party's known or reasonably knowable affirmative defenses under subsection (c), avoid any transfer of an interest of the debtor in property-

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made--
  (A) on or within 90 days before the date of the filing of the petition; or
  (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and

(5) that enables such creditor to receive more than such creditor would receive if--
  (A) the case were a case under chapter 7 of this title;
  (B) the transfer had not been made; and
  (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C. § 547(b).

25. On April 19, 2024, the Plaintiff served on Defendant a demand for repayment of the Transfers by Defendant or, in the alternative, a request that Defendant provide any information to the Plaintiff in support of defenses Defendant may assert to avoiding those Transfers.

26. On information and belief, Defendant did not respond to the Plaintiff's demand and did not produce information pertaining to the Transfers or to transactions between the Debtor and Defendant.

27. Based upon the Plaintiff's review of the information, if any, provided by Defendant prior to filing this Complaint, and after performing its own due diligence evaluation of the reasonably knowable affirmative defenses under section 547(c) of the Bankruptcy Code to avoidance of transfers made to Defendant during the Preference Period, the Plaintiff has determined that it may avoid Transfers made to Defendant in an aggregate amount of $14,870.00 (the "Preferential Transfers").

28. Each of the Preferential Transfers was made by the Debtor to Defendant.

29. Each of the Preferential Transfers was made from one or more of the Debtor's bank accounts containing funds that the Debtor owned, and therefore each of the Preferential Transfers constituted transfers of an interest of the Debtor in property.

30. Each of the Preferential Transfers was made to or for the benefit of a creditor within the meaning of section 547(b)(1) of the Bankruptcy Code, because each Preferential Transfer reduced or satisfied an obligation or debt that the Debtor owed to Defendant.

31. Each of the Preferential Transfers was made for or on account of an antecedent debt owed by the Debtor to Defendant.

32. Each of the Preferential Transfers was made while the Debtor was insolvent, because the Debtor is presumed to be insolvent during the Preference Period pursuant to section 547(f) of the Bankruptcy Code.

33. Each of the Preferential Transfers was made during the Preference Period, as shown on **Exhibit A**.

34. As a result of each of the Preferential Transfers, Defendant received more than it would have received if (a) Defendant had participated in the distribution of the assets of the Debtor's bankruptcy estate pursuant to chapter 7 of the Bankruptcy Code, (b) the Preferential Transfers had not been made, and (c) Defendant received payment of its claim to the extent provided by the provisions of the Bankruptcy Code.

35. Accordingly, the Plaintiff is entitled to avoid and set aside the Preferential Transfers pursuant to section 547 of the Bankruptcy Code.

36. The Plaintiff respectfully requests entry of an order avoiding and setting aside the Preferential Transfers in the amount of $14,870.00.

# COUNT II
## AVOIDANCE OF CONSTRUCTIVELY FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. §§ 544(a) AND (b)(1) AND MICH. COMP. LAWS § 566.34(1)(b)

37. Plaintiff hereby incorporates all preceding paragraphs by reference as if fully set forth herein.

38. To the extent one or more of the Transfers was not made on account of an antecedent debt or was a prepayment for goods and/or services not subsequently received, the Plaintiff pleads in the alternative that the Debtor did not receive reasonably equivalent value in exchange for those Transfers; and

   a. The Debtor was engaged, or about to engage, in business or a transaction for which the remaining assets of the Debtor were unreasonably small in relation to the business or transaction; or

   b. The Debtor intended to incur, or believed or reasonably should have believed that it would incur, debts beyond its ability to pay as they became due.

39. The Transfers were made to Defendant within six (6) years preceding the Petition Date.

40. One or more creditors exist who hold general unsecured claims that are allowable under Section 502 of the Bankruptcy Code and would be entitled to avoid each of the Transfers under Michigan's Uniform Fraudulent Transfer Act. For example, TransLoop Logistics, LLC has a claim in the amount of $5,000 for debts incurred before the Transfers were made.

41. Based upon the foregoing, the Transfers are avoidable pursuant to 11 U.S.C. §§ 544(a) and (b)(1) and Mich. Comp. Laws § 566.34(1)(b).

42. The Plaintiff respectfully requests entry of an order avoiding and setting aside the Transfers in the amount of $14,870.00.

# COUNT III
## AVOIDANCE OF CONSTRUCTIVELY FRAUDULENT TRANSFERS
## PURSUANT TO 11 U.S.C. § 548(a)(1)(B)

43. Plaintiff hereby incorporates all preceding paragraphs by reference as if fully set forth herein.

44. To the extent one or more of the Transfers was not made on account of an antecedent debt or was a prepayment for goods and/or services not subsequently received, the Plaintiff pleads in the alternative that the Debtor did not receive reasonably equivalent value in exchange for those Transfers; and

   a. The Debtor was insolvent as of the date of the Transfer(s), or became insolvent as a result of the Transfer(s); or

   b. The Debtor was engaged, or about to engage, in business or a transaction for which any property remaining with the Debtor or for whose benefit the Transfer(s) was / were made was an unreasonably small capital; or

   c. The Debtor intended to incur, or believed it would incur, debts beyond its ability to pay as such debts matured.

45. The Transfers were made to Defendant within two (2) years preceding the Petition Date.

46. Based upon the foregoing, the Transfers are avoidable pursuant to 11 U.S.C. § 548(a)(1)(B).

47. The Plaintiff respectfully requests entry of an order avoiding and setting aside the Transfers in the amount of $14,870.00.

## COUNT IV
### RECOVERY OF AVOIDED TRANSFERS
### PURSUANT TO 11 U.S.C. § 550

48. Plaintiff incorporates all preceding paragraphs by reference as if fully set forth herein.

49. Defendant was the initial transferee of the Transfers, the immediate or mediate transferee of the Transfers, or the person for whose benefit the Transfers were made.

50. Pursuant to 11 U.S.C. § 550(a), the Plaintiff is entitled to recover from Defendant all Preferential Transfers or Transfers, as the case may be, and the costs of this action.

WHEREFORE, Newpoint Advisors Corporation, in its capacity as Plan Administrator of the Estate of Rapid Metals, LLC, prays for the following relief against Defendant, PGT Trucking, Inc.:

    A. Judgment in favor of the Plaintiff and against Defendant (1) avoiding the Preferential Transfers or Transfers, as the case may be, and (2) directing Defendant to return to the Plaintiff the aggregate amount of $14,870.00, pursuant to 11 U.S.C. §§ 544, 547(b), 548, and 550, plus the costs of this action; and

    B. Granting the Plaintiff such other relief and further relief as this Court deems just and proper.

Dated: June 22, 2024

BERNSTEIN-BURKLEY, P.C.

By:/s/ Harry W. Greenfield
Harry W. Greenfield, Esquire
hgreenfield@bernsteinlaw.com
OH ID No. 0003839
600 Superior Avenue East
Fifth Third Building, Suite 1300
Cleveland, OH 44114
Telephone: (800) 693-4013
Facsimile: (412) 456-8135

*Counsel to the Plaintiff*